**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1406009553 |
| | ) | |
| MAURICE CLEMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: March 31, 2021
Date Decided: June 14, 2021

**ORDER**

Upon consideration of the Department of Correction's (the "DOC") Application for Good Cause Shown pursuant to 11 *Del. C.* § 4217,[1] the Board of Parole's (the "Board") recommendation,[2] the State's response,[3] statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.       On January 12, 2015, Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP"), Drug Dealing (Tier 2), and Second-Degree Conspiracy.[4]  By order dated April 17, 2015, effective June 12, 2015, the Court sentenced Defendant as follows:  for PFBPP, 5 years at Level V;[5] for Drug Dealing (Tier 2), 8 years at Level V, suspended after 4 years at Level V, for 4 years at Level

---

[1] D.I. 26.
[2] *Id.*
[3] *Id.*; D.I. 27.
[4] D.I. 7.
[5] Defendant was declared a Habitual Offender as to this offense.  D.I. 13.

IV (DOC Discretion), suspended after 6 months at Level IV (DOC Discretion), for 18 months at Level III, hold at Level III until space is available at Level IV (DOC Discretion); and for Second-Degree Conspiracy, 2 years at Level V, suspended for 1 year at Level III.[6] Defendant has filed two motions for reduction of sentence and one motion for postconviction relief;[7] the Court has denied all three motions.[8]

2. On October 21, 2019, pursuant to 11 *Del. C.* § 4217, the DOC filed an application with the Board recommending that the Level V portion of Defendant's sentence be modified as follows:

> As to . . . IN14-07-0018 [PFBPP] 5 years Level 5; criminal action number IN14-07-2159 [Drug Dealing (Tier 2)] 8 years level 5 suspended after 2 years at level 5 and successful completion of Alternatives to Violence Program for 6 years Level 4 DOC Discretion suspended after 6 months for 18 months Level 3. Hold at Level 3 until space is available at Level 4 DOC Discretion. As to criminal action number IN14-07-0020 [Second-Degree Conspiracy] the sentence shall remain unchanged.[9]

The DOC cited "Rehabilitative Efforts" as the good-cause factor supporting its recommendation.[10] In addition, DOC risk assessment noted that Defendant is able to manage his finances; has access to food, healthcare, family support, and stable housing; has a lifestyle conducive to pro-social behavior; and has no major

---

[6] *Id.*
[7] D.I. 16, 18, 24.
[8] D.I. 17, 23, 25.
[9] D.I. 26.
[10] *Id.*

2

substance-abuse concerns or mental-health issues.[11]  At the time that the DOC produced its application, Defendant had served 5 years and 5 months of his sentence.[12]

3.      On March 23, 2021, the State submitted its response in opposition to sentence modification.[13]  The State explained the factual background preceding Defendant's PFBPP, Drug Dealing (Tier 2), and Second-Degree Conspiracy convictions.[14]  As outlined by the State, Defendant was observed conducting a hand-to-hand sale of heroin to a confidential informant.[15]  When officers from the New Castle County Police Department executed a search warrant for Defendant's residence, they found a loaded handgun stashed in the water tank of a toilet, 275 bags of heroin, $347 in cash, and drug paraphernalia.[16]  The State also noted that before these events occurred, Defendant had already been convicted of a number of felonies[17] and charged with several others.[18]  The State concludes that Defendant is

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* Namely, the State notes, Defendant was convicted of Possession of Ammunition by a Person Prohibited and Possession of a Deadly Weapon by a Person Prohibited in 2009, and he was convicted of Tampering with Physical Evidence in 2012—a conviction that qualified Defendant as a habitual offender. *Id.*
[18] *Id.* Namely, the State charged Defendant "was charged with a Burglary Second Degree and related offenses in 2013 that the State dismissed for insufficient evidence.  Moreover, he was charged with a Robbery First Degree and Assault Second Degree in 2012 that the State dismissed for lack of victim cooperation." *Id.*

a career criminal with a history of weapons and drug convictions; a number of additional charges (that the State ultimately did not pursue); six violations of probation; and a lack of amenability to lesser sanctions, which the Court noted in its most recent sentencing order.[19]

4. On March 30, 2021, the Board held a hearing with Defendant to determine whether to recommend a sentence modification.[20] Upon consideration of Defendant's testimony, the DOC's report, the State's response, and relevant documentation, the Board found as follows:

> The Department of Correction has shown "good cause" for sentence modification in this case.
>
> The Department of Correction has met the intention of 11 [*Del. C.* § ]4217(b) by stating that the release of the offender into the community would not constitute a substantial risk to the community or himself.
>
> The offender has demonstrated rehabilitation through appropriate program participation (GED, Head Start Home[,] and Inside/Out[).][21]

The Board then voted unanimously to recommend the following sentence modification: "Balance of sentence suspended for six (6) months Level IV Work Release followed by Level III community supervision in accordance with SB 50. All other aspect[s] of sentence to remain the same."[22]

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* The Board would also have the Court require Defendant to "provide a DNA sample prior to release from Level V." *Id.*

5. Pursuant to 11 *Del. C.* § 4217(b), the Court "may" modify a defendant's sentence "solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or the defendant's own self."[23] Good cause includes, among other things, "rehabilitation of the offender, serious medical illness or infirmity of the offender[,] and prison overcrowding."[24] The Court may exercise its discretion to deny "a recommendation of sentence modification by the Board of Parole unless such denial [is] based upon unreasonable or capricious grounds."[25]

6. After careful review of the materials submitted, the Court denies the Board's recommendation. The Court acknowledges the praiseworthiness of Defendant's program participation and favorable risk-assessment report. But the Court is not convinced that "release of the defendant shall not constitute a substantial risk to the community." Defendant's criminal history is replete with drug- and weapons-related convictions spanning several years.[26] Especially troubling is

---

[23] 11 *Del. C.* § 4217(b).

[24] 11 *Del. C.* § 4217(c).

[25] *Hubble v. State*, 2013 WL 2966832, at *1 (Del. June 12, 2013) (citing *Zimmerman v. State*, 628 A.2d 62, 65 (Del. 1993)).

[26] ID No. 0901005715 (Possession of a Deadly Weapon by a Person Prohibited); ID No. 0908023312 (Possession of Ammunition by a Person Prohibited and Possession of Marijuana); ID Nos. 1203012750, 1208003943 (Violation of Probation with an underlying charge of Tampering with Physical Evidence and Violation of Probation with an underlying charge of Resisting Arrest); ID No. 1406009553 (PFBPP, Drug Dealing (Tier 2), and Second-Degree Conspiracy).

Defendant's conviction for dealing heroin, one of Defendant's most recent convictions. Indeed, in a past case, this Court denied the Board's recommendation for sentence modification after determining that the defendant's drug-dealing history rendered him a substantial risk to the community; the Supreme Court of Delaware affirmed.[27] Also notable is that Defendant showed a lack of remorse and acceptance of responsibility as to his most recent convictions—despite having committed several offenses in the past.[28] Accordingly, the Court concludes that Defendant continues to pose a "substantial risk to the community" and, therefore, does not qualify for sentence modification pursuant to 11 *Del. C.* § 4217.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Department of Correction's Application for Good Cause Shown pursuant to 11 *Del. C.* § 4217 is **DENIED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc: Maurice Clements (SBI# 00506007)
James K. McCloskey (DAG)

---

[27] *Norwood v. State*, 2005 WL 1653714, at *2 (Del. June 27, 2005).
[28] D.I. 13.